UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 22-cv-11085 ) |
| W.D.S. ENTERPRISES, INC., | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Pursuant to § 217 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), Plaintiff MARTIN J. WALSH, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain Defendant W.D.S. ENTERPRISES, INC. ("WDS" or "Defendant") from violating §§ 207, 211, 215(a)(2) and (5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages, pursuant to § 216(c) of the Act, 29 U.S.C. § 216(c), for Defendant's employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendant for compliance with the FLSA. The Secretary's investigation reviewed Defendant's employment and pay practices from February 26, 2019, through February 25, 2021 ("Investigation Period"). Unless stated

otherwise, all allegations and conditions described herein pertain to the Investigation Period.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217; 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant WDS is a corporation within this Court's jurisdiction with an office at 9369 E. Branchard Road, Shepherd, Michigan, where it conducts business.

4. Defendant WDS is a transportation and logistics company that provides over-the-road trucking distribution across the United States.

5. During the Investigation Period, Defendant WDS engaged in business within Isabella County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

6. Defendant WDS is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

7. Defendant WDS is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

## FLSA Violations

### *Overtime Violations*

8. Defendant WDS repeatedly violated §§ 207 and 215(a)(2) of the FLSA when it failed to pay its employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

9. Defendant WDS misclassified certain overtime-eligible employees as exempt administrative employees and failed to pay those employees overtime compensation when they worked more than forty hours in a single workweek. As detailed below, those employees were not bona fide exempt administrative employees because their primary job duties did not involve performing administrative work, as required by 29 C.F.R. Part 541.

   a. Night dispatchers employed by Defendant WDS are not bona fide administrative employees for the following reasons:

      i. Night dispatchers' primary duties do not relate to management or business operations of WDS or its customers. Night dispatchers primarily facilitate transportation services provided by WDS to its customers, rather than engage in internal operations or management of WDS.

      ii. Night dispatchers do not exercise discretion and independent judgment over significant matters.  They are not authorized to make decisions about matters that significantly impact company operations and must obtain direction from management with regard to any non-trivial matters.

b. Driver managers employed by Defendant WDS are not bona fide administrative employees for the following reasons:

      i. Diver managers' primary duties do not relate to management or business operations of WDS or its customers. Their primary duties involve monitoring loads and coordinating with truck drivers, which relates to WDS's transportation services rather than internal operations or management.

      ii. Driver managers do not exercise discretion and independent judgment over significant matters. They were closely supervised in

        making decisions impacting WDS operations and are not permitted to make decisions significantly impacting WDS operations.

    c. The Human Resources Director and billing staff member employed by Defendant WDS are not bona fide administrative employees because their primary duties do not involve the exercise of discretion and independent judgment over significant matters. Instead, these employees performed routine, recurring administrative work akin to those duties described in 29 C.F.R. § 541.202(e).

10. Defendant WDS repeatedly violated §§ 211 and 215(a)(5) of the FLSA when it failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5); 29 C.F.R. Part 516. Because Defendant WDS misclassified certain employees as FLSA-exempt, it failed to make and keep records of daily and weekly hours worked for each of those employees and failed to keep records of the correct amounts of premium pay owed to those employees.

## Remedies Sought

11. As a result of its FLSA violations, Defendant WDS owes the employees listed in Exhibit A back wages and liquidated damages under 29 U.S.C. §§ 216(c), 217. If Defendant WDS continued to violate the FLSA after the

Investigation Period, it may owe additional back wages and liquidated damages to employees.

12. Defendant WDS may also owe additional back wages and liquidated damages, during the Investigation Period, to its employees whose identities the Secretary does not currently know.

### Prayer for Relief

As a result of Defendant's repeated FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendant WDS, its officers, agents, servants, employees, and those in active concert or participation with it, from violating §§ 207, 211, and 215(a)(2) and (5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendant WDS liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendant's employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendant WDS, its officers, agents, employees, and those persons in active concert or participation with Defendant, from withholding unpaid compensation found owing to Defendant's employees, plus prejudgment interest

computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

    D.    Providing such other relief as may be necessary and appropriate.

    E.    Awarding costs and granting such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

_____
**ELISABETH NOLTE**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-7837
Nolte.Elisabeth.P@dol.gov
IL Attorney No. 6321218

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*